**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Real Estate Opportunity Fund I, LP, a Delaware limited liability partnership,<br><br>Plaintiff,<br><br>v.<br><br>Felicia D. Kliment, an individual, et al.,<br><br>Defendants. | No. CV-12-0301-PHX-DGC<br><br>**ORDER** |

Defendants Felicia D. Kliment and the Estate of Stephen A. Kliment (collectively "the Kliments") have filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 26. The motion is fully briefed. Docs. 26, 30, 31. For the reasons that follow, the Court will deny the motion.[1]

**I.   Background.**

On April 30, 2012, Plaintiff National Real Estate Opportunity Fund I, LP filed a first amended complaint against Defendants Felicia D. Kliment, Estate of Stephen A. Kliment, and Blue Phoenix Holdings, LLC, alleging breach of promissory note and breach of guaranty. Doc. 22. Plaintiff alleges that on or about June 20, 2007, Defendant Blue Phoenix Holdings, LLC ("BPH") executed and delivered to IMPAC Commercial

---

[1] The Kliments' request for oral argument (Doc. 26) is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Capital Corporation ("IMPAC") a promissory note in the original principal amount of three million dollars (the "Note"). *Id.* ¶ 13. In conjunction with the Note, BPH executed and delivered to IMPAC a deed of trust (the "Deed") in real property located at 7125 N. 19th Avenue, Phoenix, Arizona 85021 (the "Property"). *Id.* ¶ 14.

Also on or about June 20, 2007, the Kliments executed a guaranty which, among other things, guaranteed the obligations of BPH under the Note (the "Guaranty"). *Id.* ¶ 23. The Guaranty contained provisions indicating that the guarantors' obligations can be enforced by the applicable creditor regardless of whether a trustee's sale is held, and that the applicable creditor has the right to collect deficiencies owed thereafter. *Id.* ¶ 24. Plaintiff alleges that the Guaranty is currently in effect. *Id.* ¶ 25.

On or about October 30, 2007, IMPAC assigned all right, title, and interest in the Note, Deed of Trust, Guaranty, and all related loan documents to Zions First National Bank ("Zions"). *Id.* ¶ 15. On or about August 2, 2011, Zions assigned all right, title, and interest in these loan documents to Plaintiff. *Id.* ¶ 16. The note required BPH to make monthly payments to the holder of the loan documents. *Id.* ¶ 17.

From April 1, 2011 to the present, BPH has been in default under the Note for failure to pay all amounts due. *Id.* ¶ 18. Plaintiff notified BPH that, due to its default, the entire unpaid principal balance and accrued unpaid interest were immediately due and payable pursuant to the terms of the Note. *Id.* ¶ 19. BPH's default also gave rise to the Kliments' contractual obligation under the Guaranty to make payment of all amounts due under the Note. *Id.* ¶ 26. BPH and the Kliments failed and refused to make payments. *Id.* ¶ 28.

Pursuant to the Deed and loan documents, a trustee's sale of the Property was held on January 10, 2012, whereby Plaintiff purchased the Property for $2,147,618.07, which Plaintiff alleges was at or above the fair market value for the Property on the date of the sale. *Id.* ¶ 20. Plaintiff contends that it is entitled to recover from Defendants the outstanding amount due and owing on the Note. Doc. 22.

## II. Legal Standard.

When reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). However, material that is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426 (9th Cir. 1978)).

## III. Analysis.

The Kliments challenge Plaintiff's legal interest in the Guaranty due to an alleged defect in the chain of title. Doc. 26, at 2. They argue that the assignment of the Guaranty from Zions to Plaintiff, attached to the amended complaint as Exhibit I (Doc. 22-1, at 62), is merely a quitclaim because Zions never had a valid legal interest in the Guaranty. Doc. 26, at 3. In the amended complaint, Plaintiff has alleged that IMPAC, the original beneficiary of the Guaranty, properly assigned the Guaranty to Zions (Doc. 22, ¶ 15), but

has not provided supporting documentation. Doc. 26, at 3. Plaintiff does not claim that there is a separate assignment of the Guaranty from IMPAC to Zions, but argues that the Guaranty, by operation of law, transfers with assignment of the Note. Doc. 30, at 4. The Kliments have not challenged the validity of Plaintiff's legal interest in the Note.

Plaintiff urges the Court to apply the Restatement (Third) of Suretyship & Guaranty, which provides: "Except as otherwise agreed . . . an assignment by the obligee of its rights against the principal obligor arising out of the underlying obligation operates as an assignment of the obligee's rights against the secondary obligor arising out of the secondary obligation." RESTATEMENT (THIRD) OF SURETYSHIP & GUAR. § 13(5) (1996). Whether the transfer of a principal obligation acts as an assignment of the related guaranty is presently an unsettled issue in Arizona and need not be resolved here.[2]

The first sentence of the Guaranty states that it is entered into by the Kliments "for the benefit of IMPAC COMMERCIAL CAPITAL CORPORATION, a California corporation, and/or any subsequent holder of the Note[.]" Doc. 22-1, at 5. The Kliments argue that if this language were dispositive, then paragraph 12 of the Guaranty, which explains how the Guaranty may be assigned, would be superfluous. Doc. 26, at 4. Paragraph 12 reads:

> Lender may assign its rights under this Guaranty in whole or in part and upon any such assignment, all the terms and provisions of this Guaranty shall inure to the benefit of such assignee to the extent so assigned. The terms used to designate any of the parties herein shall be deemed to include the heirs, legal representatives, successors and assigns of such parties; and the term "Lender" shall include, in addition to Lender, any lawful owner, holder or pledgee of the Note.

Doc. 22-1, at 53, ¶ 12. The Kliments maintain that the specific terms of paragraph 12 should control over the general language in the first sentence. *Id.*

---

[2] *See New Falls Corp. v. Tullo*, No. 1 CA-CV 08-0413, 2009 WL 1138082, at *7 (Ariz. Ct. App. April 28, 2009).

- 4 -

"[W]here there are inconsistent provisions in a contract, one general and the other specific, the specific provision qualifies the meaning of the general provision and controls over the general." *Brady v. Black Mountain Inv. Co.*, 459 P.2d 712, 714 (Ariz. 1969). In this case, however, the Court finds no apparent inconsistency between the first sentence and paragraph 12. The ordinary meaning of language should be given words where circumstances do not show a different meaning is applicable. *Black Mountain Inv. Co.*, 459 P.2d at 714. The Kliments argue that the Guaranty must be formally assigned under paragraph 12, but that paragraph does not expressly require a formal assignment of the Guaranty. Nor can the Court conclude a formal assignment requirement is somehow implied in paragraph 12 when the Guaranty already expressly states that it is "for the benefit of . . . any subsequent holder of the Note[.]" Doc. 22-1, at 52. The Guaranty "represent[s] the final agreement between the parties" and that "[t]here are no unwritten oral agreements between the parties." Doc. 22-1, at 53, ¶ 13. When parties bind themselves by a lawful contract the terms of which are clear and unambiguous, a court must give effect to the contract as written. *Grubb & Ellis Mgmt. Services, Inc. v. 407417 B.C., L.L.C.*, 138 P.3d 1210, 1213 (Ariz. App. 2006).

Even if the terms of the Guaranty are viewed as ambiguous, all allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff at the motion to dismiss stage. *Smith v. Jackson*, 84 F.3d at 1217; *Everest & Jennings v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). Plaintiff alleges that "On or about October 30, 2007, IMPAC assigned all right, title, and interest in the Note, Deed of Trust, Guaranty, and all related loan documents to Zions[.]" Doc. 22, ¶ 15. Taking this allegation as true, the Court cannot conclude at this stage that the subsequent assignment of interest in the Guaranty from Zions to Plaintiff was invalid. The fact that Plaintiff did not attach to its amended complaint any documentation showing a separate assignment of the Guaranty from IMPAC to Zions does not establish, beyond a doubt, that Plaintiff cannot establish a valid legal interest in the Guaranty. *See Smith*, 84 F.3d at 1217 ("A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can

prove no set of facts that would entitle her to relief.").

**IT IS ORDERED** that the Kliment's motion to dismiss (Doc. 26) is **denied**.

Dated this 9th day of August, 2012.

David G. Campbell
United States District Judge