**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| National Real Estate Opportunity Fund I, LP,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Felicia D. Kliment, et al.,<br><br>　　　　　Defendants. | No. CV-12-301-PHX-SMM<br><br><br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for summary judgment and its statement of facts in support. (Docs. 48, 49.) Also pending is Plaintiff's motion for sanctions. (Doc. 53.) Defendants have failed to respond to either motion. The Court will grant Plaintiff's motions.

## BACKGROUND

On April 30, 2012, Plaintiff National Real Estate Opportunity Fund I, LP ("NREOF") filed a first amended complaint against Defendants Felicia D. Kliment, Estate of Stephen A. Kliment, and Blue Phoenix Holdings, LLC ("BPH"), alleging breach of promissory note and breach of guaranty. (Doc. 22.) NREOF alleges that on June 20, 2007, BPH executed and delivered to IMPAC Commercial Capital Corporation ("IMPAC") a promissory note in the original principal amount of three million dollars (the "Note"). (Id. ¶ 13.) In conjunction with the Note, BPH executed and delivered to IMPAC a deed of trust (the "Deed") in real property located at 7125 N. 19th Avenue, Phoenix, Arizona 85021 (the "Property"), which

1    is a complex of 50 apartments. (Id. ¶ 14.)

2          Also on June 20, 2007, the Kliments executed a guaranty in which they guaranteed
3    the obligations of BPH under the Note (the "Guaranty"). (Id. ¶ 23.) The Guaranty contained
4    provisions indicating that the guarantors' obligations can be enforced by the applicable
5    creditor regardless of whether a trustee's sale is held and that the applicable creditor has the
6    right to collect deficiencies owed thereafter. (Id. ¶ 24.) On October 30, 2007, IMPAC
7    assigned all right, title, and interest in the Note, Deed of Trust, Guaranty, and all related loan
8    documents to Zions First National Bank ("Zions"), who then assigned all right, title, and
9    interest in these loan documents to Plaintiff. (Id. ¶¶ 15,16.) The note required BPH to make
10   monthly payments to the holder of the loan documents. (Id. ¶ 17.)

11         From April 1, 2011 to the present, BPH has been in default under the Note for failure
12   to pay all amounts due. (Id. ¶ 18.) Plaintiff notified BPH that, due to its default, the entire
13   unpaid principal balance and accrued unpaid interest were immediately due and payable
14   pursuant to the terms of the Note. (Id. ¶ 19.) BPH's default also gave rise to the Kliments'
15   contractual obligation under the Guaranty to make payment on all amounts due under the
16   Note. (Id. ¶ 26.) BPH and the Kliments failed and refused to make payments. (Id. ¶ 28.)

17         Pursuant to the Deed and loan documents, a trustee's sale of the Property was held
18   on January 10, 2012, in which Plaintiff purchased the Property for $2,147,618.07, an amount
19   Plaintiff has established was above the fair market value for the Property on the date of the
20   sale. (Doc. 48 at 4-6.) Applying NREOF's credit bid of $2,147,618.07, after accrued interest
21   and additional penalties and fees, NREOF claims a balance due of $1,097,250.37, with daily
22   interest of $575.11 beginning on December 27, 2011. (Doc. 49 at 4.) Plaintiff made demand
23   upon the Defendants for the amount owing, but Defendants failed to make payment. (Doc.
24   48 at 5.) Plaintiff filed for summary judgment, and Defendants failed to respond.

25         Moreover, Defendants also failed to obey this Court's order to meet in person and
26   engage in settlement talks. (Doc. 39.) The Court gave a warning to Defendants that further
27   noncompliance with this order would be treated as a contempt of court. (Docs. 39, 52.)
28   Defendants failed to comply; this Court indicated that it would grant Plaintiff's request for

attorney's fees and client costs incurred in attempting to meet with Defendants as ordered. (Doc. 52.) Plaintiff submits its motion for sanctions in the amount of $1,184.79. (Doc. 53.)

**STANDARD OF REVIEW**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

**DISCUSSION**

Defendants failed to respond to Plaintiff's motion of summary judgment. Pursuant to LRCiv 7.2(i), Plaintiff requests that Defendants' noncompliance be deemed a consent to the granting of summary judgment and summary disposition of Plaintiff's motion.  (Doc. 55.)  The Court agrees.  Plaintiff has amply demonstrated that it is entitled to summary judgment.

Defendants executed a promissory note secured by a deed of trust to purchase about 50 apartment units on 19th Avenue north of Glendale Avenue. (Doc. 48 at 2.)  Defendant Felicia D. Kliment and her late husband, Stephen A. Kliment then signed as guarantors for their entity's debt.  (Id.)  Defendants defaulted on the note, and a trustee's sale was conducted on January 11, 2012. (Id. at 3.)  Plaintiff submitted a successful credit bid of $2,147,618.07 for the apartment complex, leaving a balance due of $1,097,250.37, with interest after December 27, 2011 at the rate of $575.45. per day. (Id. at 3-4.)  Defendants are liable for the deficiency pursuant to A.R.S. § 33-814.  (Id. at 5-6.)

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's motion for summary judgment. (Doc. 48.)  Judgment is granted in favor of Plaintiff and against Defendants Felicia D. Kliment, the Estate of Stephen A. Kliment, and Blue Phoenix Holdings, LLC, and each of them, as follows:

1. For principal in the amount of $1,097,250.37; and

2. For interest accruing on the principal balance at the rate of $575.45 per day, from December 27, 2011 until paid, based on the promissory note, guaranty and A.R.S. § 33-814.

**IT IS FURTHER ORDERED GRANTING** Plaintiff's motion for sanctions against Defendants in the amount of $1,184.79.  (Doc. 53.)

**IT IS FURTHER ORDERED GRANTING** Plaintiff's motion for summary disposition on its motion for summary judgment.  (Doc. 55.)

///

///

///

**IT IS FURTHER ORDERED** denying as moot Plaintiff's motion for ruling. (Doc. 58.)

DATED this 12th day of March, 2013.

_____
Stephen M. McNamee
Senior United States District Judge